## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERESA ANDERSON,          ) | |
|          ) | |
|     Plaintiff       ) | |
|          ) | |
|     v.         ) | **Case No.:** |
|          ) | |
| NRA GROUP, LLC d/b/a NATIONAL ) | **COMPLAINT AND DEMAND FOR** |
| RECOVERY AGENCY,     ) | **JURY TRIAL** |
|          ) | |
|     Defendant      ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

TERESA ANDERSON ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NRA GROUP LLC d/b/a NATIONAL RECOVERY AGENCY ("Defendant"):

## INTRODUCTION

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Defendant conducts business in the Commonwealth of Massachusetts; therefore, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff is a natural person residing in Salem, Massachusetts 09915.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.      Defendant is a national debt collection company with its corporate headquarters located at 2491 Paxton Street, Harrisburg, Pennsylvania, 17111.

8.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.     At all relevant times, Defendant contacted Plaintiff in its attempts to collect a consumer debt.

11.     The alleged debt, a National Grid account, arose out of transactions, which were primarily for personal, family, or household purposes.

12.     As Plaintiff has no business debt, the alleged debt arose out of transactions that were for personal, family or household purposes.

13.     By way of background, beginning in October 2015, Defendant began placing repeated harassing telephone calls to Plaintiff seeking to speak with a third-party named James Kennedy.

14.     At that time, Plaintiff told Defendant; they had the wrong number, Mr. Kennedy did not live with her as he was incarcerated, and to stop calling.

15.     However, Defendant ignored Plaintiff's request and continued to call Plaintiff on her cellular telephone between November 2015 and May 2016.

16.     Defendant knew Mr. Kennedy could not be reached at the number it was dialing, that Mr. Kennedy was incarcerated, and further, that Plaintiff did not want Defendant to call, any further calls could only have been for the purpose of harassing Plaintiff.

17.     Defendant's actions as described herein were taken with the intent to harass, upset and coerce payment from Plaintiff regarding a debt she did not owe.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## DEFENDANT VIOLATED
## THE FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

18.   Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5)

    a.    A debt collector violates § 1692d of the FDCPA by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b.    A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

    c.    Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it called Plaintiff repeatedly, knowing that the calls were unwanted and the party they were intending to reach could not be reached at her telephone number.

### COUNT II

19.   Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f.

PLAINTIFF'S COMPLAINT

a.      Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

b.      Defendant violated § 1692f of the FDCPA by failing to update its records after being informed that the individual it sought could not be reached at Plaintiff's cellular telephone number, and continuing to call knowing that he could not be reached at Plaintiff's number.

WHEREFORE, Plaintiff, TERESA ANDERSON, respectfully prays for a judgment as follows:

a.  All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.  Any other relief deemed appropriate by this Honorable Court.

PLAINTIFF'S COMPLAINT

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, TERESA ANDERSON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: November 10, 2016        KIMMEL & SILVERMAN, P.C.

By:  /s/ Craig Thor Kimmel
        CRAIG THOR KIMMEL
        BBO# 662924
        Kimmel & Silverman, P.C.
        30 E. Butler Pike
        Ambler, PA 19002
        Phone: (215) 540-8888
        Fax: (877) 788-2864
        Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT